UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

COMMODITY FUTURES
TRADING COMMISSION,

      Plaintiff,

v.                                                Case No. 2:20-cv-503-FtM-29NPM

THE ALISTA GROUP, LLC,
MARVIN W. COURSON, III,
CHRISTOPHER A. KERTATOS, and
LUIS M. PINEDA PALACIOS,

      Defendants.

**ORDER**

Before the Court is the Application for Clerk's Entry of Default (Doc. 26). Plaintiff Commodity Futures Trading Commission requests the Court enter a default against Defendant The Alista Group, LLC ("Alista"). No response was filed to the motion and the response time has lapsed. For the reasons discussed below, the Court grants the motion.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Before directing the clerk to enter a default, however, the Court must determine whether

Plaintiff properly effected service of process, for which Plaintiff bears the burden of proof. Fed. R. Civ. P. 4(*l*); *Chambers v. Halsted Fin. Servs., LLC*, No. 2:13-CV-809-FTM-38, 2014 WL 3721209, *1 (M.D. Fla. July 28, 2014); *Zamperla, Inc. v. S.B.F. S.R.L.*, No. 6:13-CV-1811-ORL-37, 2014 WL 1400641, *1 (M.D. Fla. Apr. 10, 2014).

Service on an entity defendant can be made by any manner prescribed in Rule 4(e)(1) by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(h)(1)(A) & 4(e)(1); *see also Chambers*, 2014 WL 3721209, at *1. Or, service can be effected "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." Fed. R. Civ. P. 4(h)(1). Here, the Proof of Service indicates The Alista Group, LLC was served by serving Marvin W. Courson III, an agent of Alista. (Doc. 8). Marvin W. Courson then filed an Answer and Affirmative Defenses on behalf of himself and Alista (Doc. 12).

In its Order striking Alista's Answer, the Court explained, Mr. Courson may file an Answer and Affirmative Defenses on his own behalf, but may not appear on behalf of Alista. Under 28 U.S.C. § 1654, a party may appear and conduct their own cases personally. But a lay person cannot represent any other person or entity. *U.S.*

*ex rel. Stronstorff v. Blake Med. Ctr.*, No. 8:01-CV-844-T-23MSS, 2003 WL 21004734, *1 (M.D. Fla. Feb. 13, 2003). And non-natural persons or artificial entities such as corporations, partnerships, and associations, must appear in federal court through licensed counsel. *Id.* (citing *Rowland v. Cal. Men's Colony,* 506 U.S. 194, 201-02 (1993)); *see also* M.D. Fla. R. 2.03(e). As a result, the Court struck Alista's Answer and Affirmative Defenses (Doc. 12) and allowed Alista until October 6, 2020 to retain counsel to represent it, have counsel file a notice of appearance and respond to the Complaint. (Doc. 17, p. 2). The Court cautioned that if Alista did not comply with the October 6 Order, the Court would recommend a default be entered against it. Alista did not comply and consequently Commodity Futures Trading Commission now seeks a default against Alista.

The Court finds Alista has failed to plead or otherwise defend this action. Accordingly, the Court grants the Application for Clerk's Entry of Default (Doc. 26) and the Clerk is directed to enter a default against The Alista Group, LLC.

Within thirty-five (35) days after entry of a clerk's default, Plaintiff must apply for a default judgment or must file a paper identifying each unresolved issue necessary to entry of the default judgment.

**DONE** and **ORDERED** in Fort Myers, Florida on December 28, 2020.

_____
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

3