```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

COMMODITY FUTURES TRADING
COMMISSION,

        Plaintiff,

v.                                  Case No:   2:20-cv-503-JES-NPM

THE ALISTA GROUP, LLC,
MARVIN W COURSON, III,
CHRISTOPHER A KERTATOS, and
LUIS M PINEDA PALACIOS,

        Defendants.
_____

## OPINION AND ORDER

This matter comes before the Court on plaintiff's Motion for Entry of Default Judgment, Permanent Injunction, Restitution, Civil Monetary Penalties, and Ancillary Equitable Relief Against Defendant The Alista Group, LLC (Doc. #29) and Against Defendant Luis M. Pineda Palacios a/k/a Luis Pineda (Doc. #30).  For the reasons set forth below, the motions are granted.

**I.**

Plaintiff Commodity Futures Trading Commission (CFTC) is an independent federal regulatory agency which exercises jurisdiction over certain transactions in commodities, including transactions which are commonly known as "retail commodity transactions." (Doc. #1, ¶ 17.)  On July 16, 2020, the CFTC filed a Complaint (Doc. #1) alleging that defendants offered to enter into and

conducted business for the purpose of soliciting or accepting orders from retail customers for contracts for the purchase or sale of precious metals on a leveraged or financed basis. The Complaint alleged that defendants defrauded retail customers by misappropriating funds, in violation of Section 4(a) of the Commodity Exchange Act. The Complaint includes the following factual allegations:

From at least July 2016 through at least January 2018, The Alista Group, LLC (Alista), by and through employees, including Marvin W. Courson, III (Courson), Christopher A. Kertatos (Kertatos), and Luis M. Pineda Palacios (Pineda Palacios), solicited customers to engage in leveraged precious metals transactions, and accepted at least $890,500 from at least 19 customers. Of this amount, $639,500 was sent by customers through checks or wire transfers directly to Alista's bank accounts, and $77,500 was sent by customers to a bank account under the personal control of Pineda Palacios. (Id., ¶¶ 1, 22.) Defendants misappropriated all of Alista's funds meant to purchase precious metals in the names of its customers, and used the funds to pay Alista's expenses and personal expenses of defendants to make Ponzi-style payments to customers. (Id., ¶ 23.)

Alista never opened any leveraged precious metals accounts in the names of its customers, or purchased any precious metals on a leveraged basis in the names of its customers. Rather, in May

2017, Courson opened a trading account in Alista's name at a California-based precious metals dealer, U.S. Precious Metals Dealer, without disclosing that Alista was a precious metals broker dealer. Between May and July 2017, Alista took $239,300 of its customers' funds, and used the funds to speculate in leveraged precious metals for its own account. (Id., ¶ 26.) In late September 2017, the California dealer became aware that Alista was a precious metals broker dealer, and thereafter refused to accept any new buy orders. (Id., ¶ 28.)

In late October 2017, Alista turned to Cayman Precious Metals dealer. Alista opened a straw account in the name of an individual known to Kertatos, a French citizen. Alista was named as the broker agent and legal representative with discretionary control over the account. Alista, Courson, and Kertatos took $67,000 of Alista customer funds and used the funds to speculate in leveraged precious metals through this account. (Id., ¶¶ 29-30.)

Beginning in December 2017, Alista began receiving margin calls from the U.S. Precious Metals Dealer. At the time, Alista owed U.S. Precious Metals Dealer over $480,000 for the leveraged precious metals purchased for its account, but it had less than $10,000 in its bank accounts. Courson claimed that his partners embezzled money. Alista had to sell all of its remaining holdings in the U.S. Precious Metals Dealer account, and Alista never

returned any of the proceeds of these sales to its customers. (Id., ¶ 31.)

Pineda Palacios used a bank account under his personal control to misappropriate at least $77,500 in Alista customer funds. None of the money was used to purchase leveraged precious metals on behalf of customers. Rather, Pineda Palacios withdrew the money to pay his personal expenses, including food, travel, and entertainment. (Id., ¶¶ 36-37.)

Plaintiff obtained a Clerk's Entry of Default as to Pineda Palacios and Alista pursuant to Fed. R. Civ. P. 55(a). (Docs. ##24, 28.)

## II.

Plaintiff now seeks a default judgment, Fed. R. Civ. P. 55(b), against these two defendants. A defaults is "deemed to admit the plaintiff's well-pleaded allegations of facts," but not conclusions of law or facts not well-pleaded. Surtain v. Hamlin Terrace Foundation, 789 F.3d 1239, 1245 (11th Cir. 2015). To warrant a default judgment, the facts alleged in the pleadings must provide a sufficient basis for judgment. Id. (quoting Nishimatsu Const. Co., Ltd. V. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). The sufficiency standard is that "necessary to survive a motion to dismiss for failure to state a claim." Id. Plaintiff also filed the Declaration of Michelle Bougas, a Futures Trading Investigator in the Division of

Enforcement at the Commodity Futures Trading Commission in support of a default judgment as to Alista and Pineda Palacios. (Doc. #29-1; Doc. #30-1.)

### Alista

Between July 2016 and January 2018, Alista held at least 6 bank accounts at 3 different domestic financial institutions. During this time, the accounts received approximately $890,500 from 19 customers. (Doc. #29-1, Exh. A, ¶ 13.) Alista received approximately $639,500 from Alista customers directly into bank accounts. Alista returned $149,632.25 to four customers directly from the bank accounts. (Id., ¶ 18.) The United States Secret Service returned approximately $180,326.80 of seized funds directly to certain Alista customers. (Id., ¶¶ 28, 32.) The net figure of Alista customer funds is $560,540.95. (Id., 33.)

### Pineda Palacios

In January 2017, Pineda Palacios opened and maintained a personal checking bank account at Wells Fargo. (Doc. #30-1, Exh. A, ¶ 7.) Between August 2017 and January 2018, the account received $77,500 directly from two Alista customers. (Id., ¶¶ 8, 15.) Alista customer Roy Kaylor sent funds totaling $47,500 to Pineda Palacios' personal checking account, and Alista customer Harvey Mollett sent funds totaling $30,000 to Pineda Palacios' personal checking account. (Id., ¶ 8.) None of this money was used to purchase precious metals, nor was any of the money returned

to Kaylor and Mollett. (Id., ¶¶ 16-17.) Also attached are Declarations by Roy Kaylor and Harvey Mollett. (Doc. #30-2, Exh. B; Doc. #30-3, Exh. C.)

Pineda Palacios opened the account at Wells Fargo in January 2017, and while it was opened, the account received $184,968. (Id., ¶ 11.) On September 13, 2017, the account had an ending balance of $706.44. The next day, Kaylor wired $10,000 into the account with a notation "Beneficiary: Precious Metals International." Pm December 5, 2017, the account had an ending balance of $2,882.01. On December 6, 2017, Mollett wired $10,000 into the account with the beneficiary listed as "The Alita Group" and a notation to "purchase silver." By December 11, 2017, the ending balance was negative $1,166.70. (Id., ¶ 13.)

## III.

Plaintiff seeks a permanent injunction, disgorgement of fraudulently obtained funds for restitution, and civil monetary penalties for illegal off-exchange financed transactions in violation of 7 U.S.C. § 6(a) (Count One as to Alista), and fraud by misappropriation in connection with retail commodity transactions in violation of 7 U.S.C. § 6b(a)(2)(A), (C) (Count Two as to Alista and Pineda Palacios).

"In order to establish liability for fraud, CFTC had the burden of proving three elements: (1) the making of a misrepresentation, misleading statement, or a deceptive omission;

(2) scienter; and (3) materiality." <u>Commodity Futures Trading Comm'n v. R.J. Fitzgerald & Co.</u>, 310 F.3d 1321, 1328 (11th Cir. 2002). The factual allegations deemed admitted establish that the misappropriation of funds by Alista and Pineda Palacios was a willful and blatant violation of the Commodity Exchange Act anti-fraud provisions. <u>See, e.g.</u>, <u>U.S. Commodity Futures Trading Comm'n v. Allied Markets LLC</u>, 371 F. Supp. 3d 1035, 1048 (M.D. Fla. 2019) (defendants used invested funds to pay expenses and to pay returns to other customers instead of trading). Further, the misrepresentations were done with scienter. Alista accepted and used invested funds for expenses, and distributed funds to the individual defendants for personal expenses. Pineda Palacios spent funds of two customers who assumed the money was sent to Alista for the purchase of precious metals, and no metals were purchased or received. (Doc. #30-2, ¶¶ 8-10; Doc. #30-3, ¶¶ 9-11.) As to materiality, clearly the misrepresentation that funds would be used to purchase precious metals was material. The Court finds that plaintiff is entitled to a default judgment based on the admitted facts alleged in the Complaint and supported by Declarations.

After consideration of the reasonable likelihood of further violations, the Court finds that plaintiff is also entitled to a permanent injunction. As to restitution against Alista, the Court finds that the losses, minus funds returned or seized, is the

appropriate amount for the egregious conduct of defendants through Alista. As to Pineda Palacios, the loss amount is detailed by the defrauded customers, and the Court is not aware of a criminal case that could result in a duplicate judgment. Allied Markets LLC, 371 F. Supp. 3d at 1054.

Plaintiff seeks three times the monetary gain as to Alista for civil penalties, and $307,484, "which represents the adjusted statutorily permitted civil monetary penalty per violation . . . multiplied by the two customers who lost money as a result of Pineda Palacios' fraudulent activity." (Doc. #30, p. 13.)

> In determining whether to award a civil penalty pursuant to the CEA, the Court considers the following factors: "the relationship of the violation at issue to the regulatory purposes of the Act and whether or not the violations involved core provisions of the Act; whether or not scienter was involved; the consequences flowing from the violative conduct; financial benefits to a defendant; and harm to customers or the market."

Allied Markets LLC, 371 F. Supp. 3d at 1054 (citations omitted). The Court finds that defendants have not otherwise faced consequences, a civil penalty would advance the regulatory purpose of the Act, and defendants financially benefited from the use of customer funds. Therefore, the additional deterrent of civil monetary penalties is appropriate in an amount sufficient to discourage future violations.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Motion for Entry of Default Judgment, Permanent Injunction, Restitution, Civil Monetary Penalties Against Defendant The Alista Group, LLC (Doc. #29) is **GRANTED** as follows:

    (a) By separate document, the Court will enter a permanent injunction against The Alista Group, LLC.

    (b) The Alista Group LLC is ordered to pay restitution in the amount of $560,540.95, and a civil monetary penalty of $1,681,622.85, which represents three times the monetary gain determined by the amount misappropriated from customers.

2. Plaintiff's Motion for Entry of Default Judgment, Permanent Injunction, Restitution, Civil Monetary Penalties, and Ancillary Equitable Relief Against Defendant Luis M. Pineda Palacios a/k/a Luis Pineda (Doc. #30) is **GRANTED** as follows:

    (a) By separate document, the Court will enter a permanent injunction against Luis M. Pineda Palacios.

    (b) Luis M. Pineda Palacios is ordered to pay restitution in the amount of $77,500, and a civil monetary penalty of $370,484, which represents the adjusted statutorily permitted civil monetary penalty per violation pursuant to 7 U.S.C. § 13a-1(d)(1) and 17


C.F.R. § 143.8, multiplied by the two customers who lost money as a result of Pineda Palacios' fraudulent activity.

3. The Clerk shall enter a default judgment in favor of plaintiff and against The Alista Group, LLC and Luis M. Pineda Palacios pursuant to this Opinion and Order. Permanent Injunctions will be issued under separate cover. The case otherwise remains pending as to the remaining defendants.

**DONE and ORDERED** at Fort Myers, Florida, this __2nd__ day of March, 2021.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record